IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VIVIAN HOWARD JONES, #154616 | * | |
| Petitioner | * | |
| | * | |
| v. | * | Civil Action No. WMN-06-1370 |
| | * | |
| WILLIAM L. WILLIAMS, Warden, et al. | * | |
| Respondents | * | |

oOo
## MEMORANDUM

Petitioner pro se, a state prisoner incarcerated at the Maryland House of Correction, filed this 28 U.S.C. §2254 petition challenging his 1980 conviction in the Circuit Court for Baltimore City for first degree murder. Counsel for William M. Williams, Warden of the Maryland House of Correction-Annex and J. Joseph Curran, the Attorney General of Maryland, has filed an answer and exhibits seeking dismissal of the Petition as time-barred. Petitioner has filed a Reply in opposition.

Upon review of the pleadings, the Court finds no need for an evidentiary hearing. *See* 28 U.S.C. Section 2254(e)(2)*;* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts*.* The Petition is time-barred under 28 U.S.C. §2244(d)(1) and will be dismissed by separate Order.

**I. Procedural Background**

On August 8, 1980, a jury sitting in the Circuit Court for Baltimore City found Jones guilty of first degree murder. Resp. Ex. 2 at 1. The Circuit Court sentenced Jones to life imprisonment. *See id.* The Court of Special Appeals affirmed his conviction on appeal in an unreported opinion filed on May 4, 1981. Resp. Ex. 2 at 2. Jones did not seek certiorari review in the Court of Appeals of Maryland.

Jones commenced state post-conviction proceedings on November 5, 1999. On November 17, 2000, the Circuit Court for Baltimore City granted Jones's motion to withdraw his petition for post-conviction relief without prejudice. Resp. Ex. 1 & 2. On March 13, 2002, Jones filed another petition. *See id.* On November 25, 2003, the court denied post conviction relief. *See id.* On August 9, 2005, Jones requested additional time to file an application for leave to appeal. On March 13, 2006, the Court of Special Appeals of Maryland summarily denied Jones's application for leave to appeal the post conviction court's decision, and the mandate issued on April 12, 2006. *See id.* Jones filed the instant petition for federal habeas relief on June 26, 2006.[1]

## II. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), enacted on April 24, 1996, applies a one-year statute of limitations to §2254 habeas petitions. See 28 U.S.C. § 2244(d).[2]

---

[1] The petition is dated May 26, 2006. For purposes of assessing the timeliness of the petition under 28 U.S.C. § 2244(d)(1)-(2), the Court will assume the Petition was delivered to prison authorities on the date it was signed. See Houston v. Lack, 487 U.S. 266 (1988); United States v. Dorsey, 988 F. Supp. 917, 919-920 (D. Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule).

[2] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

This one-year period is tolled while properly filed post conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F. 3d 325, 328 (4th Cir. 2000).

**III. Analysis**

As noted above, Jones' conviction was affirmed on appeal in 1981. He did not request further review, and thus his conviction became final well before the effective date of the AEDPA, April 24, 1996. *See Wade v. Robinson,* 327 F.3d 328, 2**2**-33 (4th Cir.) (discussing when the judgment of a state court becomes final). A one-year grace period applies to habeas petitioners where the conviction became final prior to the date the statute went into effect. *See Brown v. Angelone,* 150 F.3d 370, 371-76 (4th Cir. 1998); *see also Hernandez v. Caldwell*, 225 F.3d 435-40 (4th Cir. 2000) (holding that the limitations period begins to run on April 25, 1996 and expires on April 25, 1997, for convictions which became final before April 24, 1996). In this case, the one-year limitations period began to run on April 25, 1996, and there were no properly-filed state post-conviction proceedings pending between April 25, 1996, and April 24, 1997. Consequently, the instant

---

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

3

petition was filed outside the limitations period, and is time-barred.

Jones's arguments in support of equitable tolling suggest that he might not have understood when the period of limitations began to run. Reply at 2-3. In order to be entitled to equitable tolling, a petitioner must establish that either some wrongful conduct by a respondent contributed to the delay in filing or that circumstances beyond his control caused the delay. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003); *Harris v. Hutchinson*, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. To the extent his delay in filing his federal petition can be attributed to his lack of understanding of the law and how the period of limitations is calculated, ignorance of the law may not be used to justify equitable tolling. *See United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004). Jones does not allege, and the pleadings do not suggest, circumstances warranting equitable tolling. For these reasons, the Court will dismiss the Petition as time-barred by separate Order.

                                                               /s/

  9/5/06  
Date                                            William M. Nickerson  
                                               United States District Judge